# Pike County Dispensary *v.* Mayor and Councilmen of Brundidge.

*Bill in Equity to enjoin the Establishment of a Dispensary.*

1. *Retailing spirituous, vinous and malt liquors; not a nuisance and not subject to injunction.*—In the absence of a statute in Alabama declaring the carrying on of the business of retailing spirituous, vinous and malt liquors, without a license or in violation of a local prohibition statute, a nuisance, the illegal carrying on of such business is not a nuisance

13

[Pike County Dispensary v. Mayor and Aldermen of Brundidge.]

and can not be enjoined or restrained as such by bill in equity.

2. *Same; same; establishment of dispensary can not be enjoined.*—A bill which seeks to enjoin the establishment of a dispensary in a particular county in this State, upon the ground that the business carried on by such dispensary would be a nuisance, is without equity and should be dismissed on motion for the want of equity; and this is true, though the selling of spirituous, vinous or malt liquors by such dispensary would be in violation of the criminal laws of the State.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the mayor and councilmen of Brundidge, a municipal corporation, against the Pike County Dispensary, a corporation organized under the laws of Alabama; and prayed to have the said Pike County Dispensary, its officers, agents and employees enjoined from setting up and maintaining a dispensary in the town of Brundidge, and from selling spirituous, vinous and malt liquors in said town. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The defendant moved to dismiss the bill for the want of equity. On the submission of the cause upon this motion, the chancellor rendered a decree overruling it. From this decree the present appeal is taken, and the rendition of said decree is assigned as error.

A. C. WORTHY, for appellant, cited 17 Amer. & Eng. Encyc. of Law, (2d ed.), 318; *Commonwealth v. McDonough*, 13 Allen, 581; *State v. French*, 80 N. W. Rep. 209; *Atty.-Gen. v. Ins. Co.*, 2 Johns. Chan. 370; *State v. Patterson*, 37 S. W. Rep. 478; *State v. O'Leary*, 58 N. E. Rep. 703; *Ogletree v. McQuaggs*, 67 Ala. 580; *Rouse v. Martin*, 75 Ala. 510.

E. R. BRANNEN, and FOSTER, SAMFORD & CARROLL, *contra.*—The fact that keeping a nuisance is a crime does not deprive a court of equity of the power to abate

the nuisance.—*Carleton v. Rugg*, 5 L. R. A. 193; *Rhodes v. Saunders*, 18 L. R. A. 646; *Col. Ath. Club v. State*, 28 L. R. A. 727; *People v. Lumber Co.*, 116 Cal. 397, 39 L. R. A. 581; *Demopolis v. Webb*, 87 Ala. 665.

McCLELLAN, C. J.—The illegal carrying on the business of a retailer of spirituous, vinous and malt liquors, that is the carrying on of such business without a license when a license is required, or in violation of a local prohibition statute is not a nuisance unless declared so to be by the statute. There is no statute in Alabama declaring such illegal business a nuisance; and it is therefore, not a nuisance in this State. The present bill seeks to enjoin the Pike County Dispensary from establishing a dispensary in the town of Brundidge in Pike county and there carrying on the business of selling spirituous, vinous and malt liquors on the grounds, *first*, that the respondent proposes so to do without taking and paying for a county license, it being insisted that the act of Assembly chartering the respondent and exempting it from the payment of the county license tax is unconstitutional and void, and, *second*, that a local prohibition act is of force covering the place where respondent proposes and is about to establish said dispensary, the theory, and even the further averment, of the bill being that the establishment and operation of the dispensary thus illegally would be a public nuisance which chancery has jurisdiction to enjoin. It is unnecessary on the view we take of this case to at all consider whether the former act is constitutional or the latter is still of force. If it be conceded that the Pike County Dispensary has no right to engage in the liquor business without paying the county license tax and may not legally engage in such business in Brundidge under any circumstances because of the local prohibition statute referred to, the present bill is yet without equity, since chancery courts have no jurisdiction to enjoin the commission of offenses against the criminal laws of the State; and the proposed acts of the respondent, however illegal they may be, would not constitute a nuisance. True the bill in terms alleges that to carry on the proposed business in Brundidge would be a public nuisance;

but this is a mere mistaken conclusion of law on the part of the pleader from the facts stated which do not warrant it. Taking all the *facts* appearing on the bill, whether well or illy pleaded, to be true, no case is made of equity cognizance. The decree overruling the motion to dismiss the bill for want of equity is reversed and a decree will be here entered granting said motion and dismissing the bill.

Reversed and rendered.