# The Old Dominion Telegraph Co. v. Powers, et al.

### Bill in Equity to enjoin Criminal Prosecution.

1. *Equity jurisdiction; can not enjoin criminal prosecution.*—A court of equity has no jurisdiction to restrain, by injunction, criminal prosecutions for the violation of State or municipal laws.

2. *Same; same; irreparable injury.*—The averments in a bill seeking to enjoin criminal prosecutions, that such prosecutions, if allowed to proceed, would inflict irreparable damage upon complainant, is not sufficient to give equity to a bill.

3. *Equity pleading and practice; contempt for violation of injunction.*—Where a bill seeking to enjoin criminal prosecutions has been dismissed for want of equity, and a preliminary injunction issued upon its filing has been dissolved, the complainant in said bill has no interest that can be subserved by attaching the respondents to said bill, for contempt in violating the preliminary writ of injunction; and, therefore, such complainant can not have the respondents committed for contempt.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant, the Old Dominion Telegraph Company, a corporation, against the appellees, John F. Powers, as sheriff of Mobile county, several of his deputy sheriffs, the solicitor of Mobile county, the mayor and general council of the city of Mobile, and the city attorney of the city of Mobile.

It was averred in the bill that the complainant was a telegraph company organized under the laws of the State of Virginia and had complied with the constitutional and statutory provisions authorizing it to do business in the city of Mobile; that it had established an office in the city of Mobile and was engaged in a general telegraph business; that it had paid a license to the city of Mobile for the privilege of conducting its business in the said city; that its business is necessarily conducted by its agents, and that in Mobile its business was conducted by persons in its service and regularly in its employ for that purpose. It was then averred that the general agents of the complainant who were employed by it to conduct its business in the city of Mobile were, on a designated day, prior to the filing of the present bill, arrested under a criminal prosecution charging them with the violation of section 4810 of the Criminal Code, which prohibited book-making or pool selling on horse racing and other forms of gambling, and that said persons were being prosecuted under such charge; that prior to the filing of the present bill, the complainants had obtained an injunction against the mayor and general council of the city of Mobile, restraining it and its officers and agents from prosecuting the agents of the complainant for conducting its business in the city of Mobile; that notwithstanding the writ of injunction was so issued, some of the respondents were proceeding to institute proceedings under the statutes of the State against pool selling and book making against the agents of the complainant and had announced their intention to institute criminal prosecutions against the servants and agents of the complainant, charging them with the violation of the statute against pool selling and book making on horse racing. The complainant then averred that continued and multiplied and threatened prosecutions are instituted for the purpose of, and will vex, harrass and annoy the complainant in the exercise of its legitimate business, and will result in breaking up its business; that the complainant had no adequate remedy at law, for the reason that it would be impossible to compensate the complainant by monied consideration

for the damages suffered and sustained by reason of said continued and threatened prosecutions; that complainant's injury would, therefore, be irreparable; that the complainant is engaged in interstate commerce by the acts for which its agents are threatened to be prosecuted and arrested, and that by receiving and sending telegrams, as complained of by respondents, it is in the discharge of its lawful business; that the complainant is a citizen of another State and is entitled to the protection of the law of this State; that unless restrained by writ of injunction the defendant would institute a multiplicity of suits and prosecutions, and that the complainant will be irreparably damaged.

The prayer of the bill was that an injunction be issued, restraining the respondents from instituting prosecutions against the complainant's agents and from causing their arrest as complained of in said bill, and that upon final hearing said injunction be made perpetual.

Upon the bill being submitted to the Judge of the Tenth Judicial Circuit, there was a temporary injunction ordered to be issued upon the complainant giving the bond as required; and upon said bond being given, the writ of injunction was issued and returned to the chancery court of Mobile. There was a motion made to dismiss the bill for the want of equity. There was also a motion made to dissolve the injunction for the want of equity in the bill.

Before the cause was submitted upon these motions, the complainant in said bill filed a petition addressed to the chancellor, in which he set up the fact that some of the respondents in said suit had, notwithstanding the issuance of the injunction, instituted prosecutions against the complainant's agents and had caused the arrest of said agents, and had thereby violated said writ of injunction, and the complainant, as said petitioner, asked that said named respondents be attached for contempt of the orders of said chancery court, and that the said parties be adjudged guilty of contempt of said court. There was a rule *nisi* issued and in answer thereto, respondents against whom the contempt pro-

ceedings were instituted, answered by setting up the fact that the court of chancery had no jurisdiction of the cause, that said bill was without equity, and that, therefore, the injunction was void, and that by performing the acts set forth in the petition, said respondents were not guilty of contempt.

The cause was submitted upon motion to dismiss the bill for want of equity, upon the motion to dissolve the injunction, and upon the motion to commit certain of the respondents for contempt for violation of the injunction which had been issued.

The chancellor rendered a decree granting the motion to dismiss the bill for want of equity, and the motion to dissolve the injunction, and denied the motion to commit the respondents for a contempt of court by violation of the writ of injunction. From this decree the complainant appeals, and assigns the rendition thereof as error.

In this court the complainant made a motion for a writ of *mandamus* to be issued to the chancellor commanding him to punish certain named respondents for contempt in violating the preliminary writ of injunction.

POWELL & BLACKBURN and MCALPINE & ROBINSON, for appellant.—There is no answer to the bill, and it is well settled that the allegations of the bill must be taken as literally true and all amendable objections considered remedied.—*Pate v. Hinson,* 104 Ala. 599; s. c. 16 So. Rep. 527; *Leslie v. Richardson,* 60 Ala. 563; *Seale v. Robinson,* 75 Ala. 363.

Where if the defendant's allegations are true, the injunction will do him no harm, and if the plaintiff's allegations are true, a dissolution will involve him in irreparable injury, the injunction will not be dissolved. *Scholze v. Steiner,* 100 Ala. 148; s. c. 14 So. Rep. 552.

"The mere fact that an act was criminal does not divest the jurisdiction of equity to prevent it by injunction. If it is also a violation of property rights, and the party aggrieved has no other adequate remedy for the prevention of irreparable injury, which will result from

the failure or inability of a court of law to redress such rights."—1 High on Inj., § 20; *Mayor v. Radecke,* 49 Maryland, 217; s. c. 33 Amer. Rep. 239; *R. R. Co. v. New York,* 54 N. Y. 159; *Mayor v. Waring,* 41 Ala. 139; 8 Wallace, 110.

As said in *Port of Mobile v. L. & N.,* 84 Ala. 115, another controlling reason for interference by equity in such case, is that the public at large have an interest in the prosecutions of the business and privileges, as well as the parties particularly interested, citing *Stage Co. v. Society,* 15 Abbott's Prac. (N. S.) 51.

It has long been decided that telegraphic communications and that telegraphic business carried on between different States, are interstate commerce.—*Le-Loup v. Port of Mobile,* 127 U. S. 640; s. c. 32 L. ed. 311; *Pensacola Tel. Co. v. W. U. Tel. Co.,* 96 U. S. 1; s. c. 24 L. ed. 708; *W. U. Tel. Co. v. Texas,* 105 U. S. 460; s. c. 26 L. ed. 1067.

Equity will enjoin the enforcement of a municipal ordinance imposing a license tax, or where the result would be irreparable injury.—*City of Hutchison v. Beckham,* 118 Fed. 399; s. c. 55 C. C. A. 333; *Rushville v. Rushville Natural Gas Co.,* 15 L. R. A. 321 (Ind.)

The principal ground for interference in this case is what was said to be in *Port of Mobile v. L. & N. R. R. Co.,* "the abatement of annoyance in the nature of a legal nuisance with the avoidance of a multiplicity of suits," and in *Owens v. Crossett,* 105 Ill. 356.

B. B. BOONE, *contra.*—The bill filed against the sheriff and his deputies and against the solicitor of the State of Alabama, and the city attorney of the city of Mobile, all of whom are charged with the enforcement of the law, section 4810 of the Code of 1896, the proceedings and warrants being brought by them in the name of the State of Alabama, is an attempt to make the State of Alabama a party defendant in a suit in a court of equity in violation of section 14 of the Constitution of Alabama.—*Fitts v. McGehee,* 172 U. S. 516.

That the acts for which the agents of the Old Dominion Telegraph Company were arrested did not consti-

tute interstate commerce, see *Stripling v. The State,* 113 Ala. 120; *Benners v. State,* 124 Ala. 97; *Lacey v. Palmer,* 57 Am. St. Rep. 516.

That the court of chancery has no authority or power or jurisdiction to grant an injunction to restrain the prosecutions brought against offenders for the violation of the laws of the State of Alabama. See 16 Amer. & Eng. Encyc. of Law (2d ed.) page 370; *Attorney General v. McGehee,* 172 U. S. 516; *Moses v. Mobile,* 52 Ala. 198; *Davis v. The American Society for the Prevention of Cruelty to Animals,* 75 N. Y. 362; *Crighton v. Dahmer,* 70 Miss. 602; same case, 35 Am. St. Rep. 666.

Where the injunction is void the defendants cannot be punished by contempt proceedings for disregarding it.—16 Am. & Eng. Encyc. of Law, p. 439 (2d ed.); 7 Am. & Eng. Encyc. of Law (2d ed.), p. 56; *Ex parte Lake,* 66 Am. St. Rep. 852; *Ex parte Grace,* 79 Am. *v. Pearson,* 61 Am. Dec. 442, and note; *Lester v. People,* 41 Am. St. Rep. 383; *In re Knaup,* 66 Am. St. Rep. 441.


· DOWDELL, J.—The bill in this case is filed against State and municipal officers. Its sole purpose is to enjoin criminal prosecutions instituted by the respondents against the complainant and its agents under section 4810-11 of the Code.

The court of equity has no jurisdiction or power to interfere to arrest the authorities charged with the execution of the criminal law, whether it pertains to the State at large, or to the municipalities, which are agencies in the administration of civil government. The want of authority and jurisdiction of the chancery court to restrain criminal prosecutions by injunction is a doctrine too well and firmly settled to admit of question.—*Moses v. Mayor etc. of Mobile,* 52 Ala. 198; *Fitts Atty. Gen. v. McGhee,* 172 U. S. 516; 19 Sup. Ct. 269, 43 L. Ed. 535; *In re Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402; *Davis v. American Society, etc.,* 75 N. Y. 362; *Crighton v. Dehmer,* 70 Miss. 602; 13 So. Rep. 237; 21 L. R. A. 84; 35 Am. St. Rep. 666, and note on p. 670; 16 Am. & Eng. Encyc. Law (2d ed.) p. 370;

*Brown v. Mayor and Aldermen of Birmingham,* (at present term), 37 So. Rep. 173, *infra.*

The equitable doctrine of prevention of multiplicity of suits is wholly without application in such a case. *Moses v. Mayor etc. of Mobile, supra; Fitts, Atty. Gen. v. McGhee, supra.*

The validity of the statutes under which the prosecutions sought to be enjoined were instituted, was upheld in the case of *State v. Stripling,* 113 Ala. 120; see also *Benners v. State,* 124 Ala. 97. In the former case it was also held that the acts for which the agents of the complainant here, were arrested did not constitute interstate commerce.

The averments in the bill of irreparable injury under the facts stated, impart no equity to it in the face of the principle that the chancery court is without jurisdiction to enjoin a prosecution for the violation of a criminal statute. The judgment of this court is, that the chancellor properly dissolved the temporary injunction and dismissed the bill for want of equity.—*Brown v. Mayor and Aldermen of Birmingham, supra.*

This cause was further submitted on motion for a *mandamus* to the chancellor to compel him as chancellor to punish the respondents for contempt for violation of the preliminary writ of injunction. A preliminary injunction was ordered by the judge of the tenth judicial circuit on the application of the complainant upon the filing of the bill. In pursuance of the order a writ was issued and served on the respondents. On the application of the complainant a rule *nisi* was issued to the respondents to show cause, etc., for a violation of such writ. This proceeding was heard at the time of the hearing of the motion to dissolve the injunction and to dismiss the bill for want of equity, and on said hearing the chancellor refused to impose a penalty for the violation of the writ, and discharged the rule. An evident distinction is to be made in contempt proceedings for the violation of the writ of injunction, where the writ is improvidently or irregularly issued, and where it is issued without jurisdiction and authority. Where the court is without jurisdiction it logically follows

that there can be no contempt in the disobedience of a void order. The proposition that where the injunction is void for want of jurisdiction in the court, the defendant cannot be punished by contempt proceedings for disregarding it, is supported both on reason and authority.—16 Am. & Eng. Ency. Law, (2d ed.) p. 439; 7 Am. & Eng. Ency. Law, (2d ed.) p. 56; *Ex parte Lake,* 66 Am. St. Rep. 852; *Ex parte Grace,* 79 Am. Dec. 529; *Williamson's case,* 67 Am. Dec. 374; *Piper v. Pearson,* 61 Am. Dec. and note p. 442; *In re Knap,* 66 Am. St. Rep. 441; 4 Encyc. Pl. & Pr. 776; 2 High on Injunctions, (3d ed.) § 1425.

The unequivocal statement of the facts in the bill as to the criminal prosecutions sought to be enjoined, removes all ground of pretense for assertion that the bill may be construed as coming within any exceptions to the general rule above stated, wherein a court of equity will exercise jurisdiction or power to restrain a criminal prosecution. Such, for instance, as where a suit is already pending in the court of equity and a party to the suit, attempts to employ criminal proceedings in interference of the prosecution of the pending suit. Nor does the case before us come within the principle laid down in *Port of Mobile v. L. & N. R. R. Co.,* 84 Ala. 115. The facts in that case are wholly dissimilar from the facts in the case before us. Here, on the facts stated, it is a bill pure and simple to enjoin prosecutions against the agents of the appellant for violations of a criminal statute of the State. Upon these considerations, the writer is of the opinion the application for the *mandamus* should be denied. The other members of the court, however, without expressing an opinion one way or the other in this resptct, hold that the *mandamus* should be denied, for the reason that the bill having been dismissed for want of equity, and the preliminary injunction dissolved, the petitioner has no interest that could be subserved by further prosecution of the contempt proceedings, and furthermore, that the chancellor under the circumstances did right in discharging the rule *nisi.*

We are not to be understood from the foregoing opinion as holding that the bill as filed against the sheriff and other officers as such, is not in effect a suit against the State. The view we have taken of the case renders it unnecessary to determine this question. But in this connection we call attention to what was said in *Fitts v. McGhee*, 172 U. S. 516.

*Mandamus* denied.

Decree affirmed.