CITY OF CARTERVILLE, Appellant, v. DELLA
GIBSON.

Division One, June 30, 1914.

1. **CONSTITUTIONAL QUESTION: Occupation: Tax: Paid in
   Service: Raised by Agent.** In a prosecution of an agent of a
   telephone company for conducting a telephone business in a
   city without the license required by ordinance, the company not
   being a party, the court will not undertake to determine a con-
   stitutional question which is personal to the company, since
   to do so would be mere *obiter.*

2. **TELEPHONE BUSINESS: No City License: Liability of
   Agent.** The agent of a foreign telephone company licensed to
   do business in this State, cannot be fined or otherwise punished
   for conducting a telephone business for said company in a city
   without the city license required by ordinance, unless there
   is an express statute or ordinance authorizing the punishment
   of the agent.

3. ————: ————: ————: 'Lawful Business.** In the absence
   of a specific law to the contrary, no mere agent of a company
   conducting a business lawful within itself, is personally liable
   for the acts of the principal. If the ordinance forbid a foreign
   telephone company licensed to do business in this State from
   conducting a business in the city without having first obtained
   a license from the city, the company must pay the occupation
   tax and procure the license, and it alone is responsible for
   failure to do so, and its switchboard agent or clerk cannot be
   punished for conducting said telephone business without such
   a license first issued to the company.

4. **OCCUPATION TAX: Conducting Business Without License.**
   If the business is lawful, no person (principal or agent), in the
   absence of an express law to the contrary, can be punished crim-
   inally for conducting it without the payment of an occupation
   tax, any more than he could be for conducting it without paying
   a general city or school tax.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,*
Judge.

AFFIRMED.

*A. M. Baird* for appellant.

(1)   The Legislature as well as the city is forbidden by constitutional and statutory enactment from exempting property from taxation.  Secs. 6 and 7, art. 10, Constitution; Sec. 9366, R. S. 1909; State v. Railroad, 75 Mo. 208; Urana v. St. Louis, 164 Mo. 146. (2)   A city cannot bind itself by an ordinance which is against public policy or abridge its legislative, police, taxing or governmental powers, by surrender or bargaining them away.  Kansas City v. Corrigan, 18 Mo. App. 206; Dillon's Mun. Corp. (4 Ed.), secs. 97, 317, 329, 457; 28 Cyc. 644, 654, 368, 276, 635; Sec. 2778, R. S. 1909; Secs. 1, 2, and 9, art. 10, Constitution; State ex rel. v. Murphy, 130 Mo. 23; Carthage v. Garner, 209 Mo. 702; Westport v. Mulhall, 159 Mo. 95.   (3)  The power to exempt property from taxation is not inherent in a municipal corporation.  The power resides only in the Legislature unless the Constitution otherwise ordains and the city must have express charter power in order to make exemptions.  State v. Railroad, 75 Mo. 210; Urana v. St. Louis, 164 Mo. 151.   (4)  A municipal corporation may successfully interpose the plea of *ultra vires* when charged with having executed a contract.   State v. Railroad, 75 Mo. 213; Cheeney v. Brookfield, 60 Mo. 53; Johnson v. School District, 67 Mo. 319; Urana v. St. Louis, 164 Mo. 146; Anderson v. Ripley County, 181 Mo. 46.

*Cole & Shepherd* for respondent.

(1)   The contract or franchise granted in February, 1895, by the mayor and board of aldermen of the city of Carterville was authorized by its statutory charter, to-wit, under the general welfare clauses of the statutes:  R. S. 1909, secs. 9371; R. S. 1899, sec. 5957, Laws 1895, p. 65; R. S. 1889, sec. 1589; Plattsburg v. Telephone Co., 88 Mo. App. 306; California v. Tele-

phone Co., 112 Mo. App. 722; Lancaster v. Briggs & Melvin, 118 Mo. App. 57. (2) The contract made by the city of Carterville in February, 1895, being authorized by the general welfare clause of its charter, and having been faithfully performed for many years by the Telephone Company on its part, could not be abrogated by a new set of officers or by resolution or ordinance without any notice to the other contracting parties and without process of law, so as to have the following effects: (a), to destroy the contractual relations that had existed and the benefits of which had been enjoyed by the city for years; (2), to convert the mutual, amicable, helpful and legal contract into a nullity; and (c), be entitled to the moral and legal right to prosecute and have the aid of the State toward the imprisonment or fine of a young person who was then and there a mere clerk or helper in the performance of the duty of the Telephone Company under the provisions and conditions of the legal contract, the benefits of which the city had so long received. (3) The contract set out in the ordinances was not and is not an exemption. Exemption from taxation means free from liability, from duty and from service. It is a grace, a favor, an immunity; taken out from under the general rule; not to be like others that are not exempt; to receive and not to make return. Grant v. Davenport, 36 Iowa, 405; Bartholomew v. Austin, 29 C. C. A. 577. The taxes to be levied were to be legal obligations for money; the obligations were of value. On a comparing of values, the parties being competent to contract, it was concluded that the values were equal and the one should be offset by the other. This is not "exemption." Portland v. City Co., 67 Me. 135; Bank v. City of Arkansas, 22 C. C. A. 171, 76 Fed. 271; Bartholomew v. Austin, 29 C. C. A. 577; Water Co. v. Waterville, 49 L. R. A. 295.

WOODSON, P. J.—The appellant is a city of the fourth class, organized and existing under the laws of this State, and the respondent is the agent of the Home Telephone Company, duly organized and incorporated under the laws of the State of —— —— and duly authorized to do business in this State.

As I gather from the records she was the agent of the company in the city of Carterville, but not in the State at large.

The Telephone Company, through respondent, claims to have an occupation license from appellant, to construct and maintain its lines and conduct its business in said city. The consideration for the issuance of this license was, the company agreed that the city might use its poles free for stringing fire-alarm wires, that it (the company) would furnish the power therefor and furnish the latter one telephone free for general city purposes.

The appellant claims that the company has violated the terms of its license and forfeited the same by discontinuing to furnish the city a free phone, and that it is therefore doing business in that city without a license.

Predicated upon those contentions the city had the respondent—Della Gibson—the agent of the company, arrested for conducting a telephone business in Carterville without a license, as required by ordinance.

The respondent was tried in the city court, where she interposed the defense that she was not operating or conducting a telephone business in that city, or elsewhere, but was simply the agent of the Home Telephone Company; also that the company had a license such as was required by the ordinances of the city.

A trial was had in the police court of that city, which resulted in a fine imposed upon the respondent, from which she appealed to the circuit court of Jasper county, wherein, upon another trial, she was acquitted, and the city appealed the case to this court.

I. Without stopping to state the various reasons assigned, the case was properly appealed to this court; and we will therefore proceed to dispose of the case upon its merits, without stopping to discuss the constitutional questions properly injected into the case, but by the wrong party.

*Appellate Jurisdiction: Raised by Wrong Party.*

After a careful examination of the authorities and a due consideration of the evidence introduced in this case, we are fully satisfied that the Home Telephone Company is not properly before this court, and that consequently any rulings which this court might announce under the circumstances would be purely *obiter*, and not binding upon the city or the company.

For those reasons we decline to pass upon the constitutional question presented by counsel for respondent. She has no right, being proceeded against personally, to involve the Telephone Company in such important litigation.

We, therefore, put the company aside, and await a disposition of the questions affecting its rights until it is brought into court and given a hearing upon the questions presented by the respondent in its behalf.

II. This brings us to the consideration of the respondent's case. She is charged with conducting a telephone business in the city of Carterville without a license, in violation of the ordinances thereof duly enacted.

*Telephone Business Without City License.*

It is common knowledge that this Telephone Company is a great corporation doing business throughout this and other States; and that the evidence shows that respondent is the agent of the company at Carterville, a city of the fourth class. But the record fails to show that she had any other interest in the company, or that she managed or controlled the business of the company in the slightest degree, outside of looking af-

ter the property and interest of the company, and putting the customers of the company in touch with the instrumentalities by which one person may talk over that system to another.

The respondent was not conducting a telephone business within the meaning of the ordinance mentioned, any more than an agent in charge of a railroad station located in said city was conducting a railroad business.

I understand the law to be that, in the absence of some specific law to the contrary, no agent of another, who is conducting a lawful business within itself, is personally responsible for the acts of the principal. If that was not true then every clerk in every mercantile establishment in the State and those of all railroads, telegraph and telephone companies, would be personally liable for working for them, if perchance they had not taken out their occupation license, which, as a rule, is trivial in amount. But not so in a class of business which, within itself is unlawful, such as gambling, the sale of intoxicating liquors or any other public nuisance. There the license legalizes the business, and until the principal has been legally authorized to sell intoxicating liquors, neither he nor his employers can lawfully so do, for the simple reason that one person cannot lawfully authorize another to do a thing which he himself cannot lawfully do.

But that rule does not apply to any business which may be lawfully conducted where no law or ordinance prohibits it. In such cases, if a statute or ordinance imposes an occupation tax, then the principal must procure the license, and he alone is responsible for failure to so do, and not his clerks, or agents. The occupation tax does not make the business itself unlawful, but requires the person conducting it to take out the license or to pay the tax, and if he fails so to do, he may be punished for failure to so do, but not

Carterville v. Gibson.

because his business is unlawful, like the sale of liquor.

It might with equal propriety be said, that a merchant or a farmer or a railroad, telegraph or telephone company of this State could not lawfully conduct his or its business until they pay the general taxes due the State and county. While this has been contended for by some, yet I know of no case where that contention has been upheld by any court of last resort.

At this time, I apprehend no one would seriously insist that a farmer could not lawfully conduct his farm without first paying his State or county taxes. The same is true of all other lawful business, nor can he, they, or his or their employers be punished for so doing, in the absence of an express statutory provision authorizing it; and in such cases if the statute should stop with the farmer or company, then clearly their employees would not be amenable to the statute. This it seems to me is self-evident.

The same principle of law applies to the case at bar; and no good reason, in the absence of an express statute or ordinance to the contrary, can be assigned why the employees of a telephone company should be fined because their principal had failed to take out an occupation license, than those of a merchant for his failure to take out a merchant's license. Both cases are bottomed upon the same principle and are governed by the same law.

These principles are elementary—announced by all the text-writers and adjudications throughout the whole country.

No case to the contrary has been cited and I apprehend none can be found.

Entertaining these views I am of the opinion that the judgment of the circuit court should be affirmed.

It is so ordered. All concur.