(75 South. 327)

Ex parte STATE ex rel. MARTIN, Atty. Gen. (6 Div. 410.)

(Supreme Court of Alabama. April 19, 1917.)

1. PROHIBITION ☞10(1)—WHEN AWARDED.
Writ of prohibition is the appropriate remedy, where the object of its restraint is without jurisdiction to exercise the judicial power over the subject-matter or the parties, and there is no other adequate remedy.
[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 37–42.]

2. JUDGES ☞28—POWER IN VACATION.
The Supreme Court not being in actual session when petition for writ of prohibition is made, a justice thereof may entertain it, and issue an order to make answer and return thereof, and restrain action till final determination by the court, under Const. 1901, § 140.
[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 109–139.]

3. PROHIBITION ☞5(3)—INTERFERENCE WITH INFERIOR COURT.
Prohibition will not issue to restrain a court from granting an injunction merely for uncertainty of statement in the injunction bill; but the inquiry involves judicial power, not one of efficient pleading of a litigable right.
[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 24–29.]

4. INJUNCTION ☞85(1) — EXECUTION OF CRIMINAL LAWS.
Seizure by officers of a beverage as within the prohibition law may not be enjoined on a showing that it is not within such law; but the issue of its nature must be determined in the prosecution and the proceedings on seizure.
[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 155.]

5. COURTS ☞209(2)—PREROGATIVE WRITS—PROHIBITION—PARTIES.
The state, with the Attorney General, its principal law officer, as relator, may by petition for prohibition invoke the supervisory powers of the Supreme Court, under Const. 1901, § 140, over inferior jurisdictions, that its judicial agencies may be confined to the exercise of the authority and power committed to them.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 765, 786.]

6. COURTS ☞209(2)—PREROGATIVE WRITS—PROHIBITION—MOTION IN INFERIOR COURT.
Where the Supreme Court's supervisory power is invoked to annul by prohibition a wholly void act of a tribunal, such tribunal need not be first moved to avoid the subject of complaint.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 765, 786.]

7. PROHIBITION ☞3(2)—REMEDY BY APPEAL.
A wholly void judicial act, resulting from entire absence of jurisdiction in the premises, will not support an appeal, so that appeal is not an adequate remedy as regards right to prohibition.
[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 5, 6.]

Petition by the State of Alabama, on the relation of the Attorney General, directed to the Honorables John H. Miller, John C. Pugh, and Charles W. Ferguson, as Judges of the City Court of Birmingham, requiring them to vacate an order of injunction issued by them on a former occasion. Writ awarded.

William L. Martin, Atty. Gen., and Samuel D. Weakley, of Birmingham, for appellant. Forney Johnston, of Birmingham, for appellee.

McCLELLAN, J. [1] The writ of prohibition is the appropriate remedy where the object of its restraint is without jurisdiction to exercise the judicial power over the subject-matter or the parties, and there is no other adequate remedy. Ex parte State, etc., 150 Ala. 489, 43 South. 490, 10 L. R. A. (N. S.) 1129, 124 Am. St. Rep. 79.

[2] When the Supreme Court of this state is not in actual session, a justice thereof may entertain a petition for the supervisory writ of prohibition (Const. 1901, § 140); may, if he so concludes upon its consideration, issue an order to the officer or tribunal, the jurisdiction of which is thereby questioned, to make answer to the petition and a return thereof to the court by a day fixed; and restrain the officer or tribunal from effecting the power or authority sought to be exercised pending final determination by the Supreme Court of the inquiry thus instituted. It is the duty of those affected or governed by such order to observe it in all respects. This authority and practice has been often exerted by a justice when the court was not in actual session. It was availed of in Ex parte State, etc., supra, and reference to it may be found in the opening sentences of the opinion. There is a continuous period of approximately 6 weeks in February and March of each year, and a continuous period of approximately 90 days in July, August, and September of each year, when the court is not in actual session, the latter period being between terms, though the justices are generally at their duties at their chambers. If there was no power otherwise than in the court itself to maintain the status quo pending final determination by the court of the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

right of the writ sought, it is manifest that the supervisory power (Const. § 140) residing in the court would be at times wholly unavailable, unless the court should remain in actual or repeatedly convene in special session; whereas, the statutes governing the sessions of this court fix terms therefor and interims between terms thereof. The established practice and recognized authority in such circumstances were properly observed and exercised in this instance, this court not being in session when the justice made his order on July 18, 1916. The report of the appeal will reproduce the order made on July 18, 1916.

L. W. Scoville filed an original bill in the Birmingham city court against the sheriff of Jefferson county, T. J. Batson, praying the issuance of "an order restraining and enjoining the said respondent as sheriff, * * * and his deputies and all other persons having the right to make arrests or institute prosecutions, from arresting this complainant, his agents, servants, and employés, for selling or keeping said Ambrosia, or from seizing the same, or in any other manner interfering with his rights of property therein, until a hearing of this cause, and that upon a final hearing of this cause that your honors will make such injunction or restraining order perpetual," and for general relief. The injunction was issued as prayed. The petition for the writ of prohibition, presented by the state, on the relation of its Attorney General, seeks to annul the injunction thus issued by the judges of the city court on the averred ground that, since neither the judges nor the city court had any jurisdiction to order issued or to issue restraining process against the sheriff and others in such circumstances, the injunction issued and ordered issued was null and void. The fundamental theory of the original bill is that the beverage, Ambrosia, is not a beverage within the penal prohibitory laws of this state, enacted to suppress the evils of intemperance and to promote temperance in Alabama.

[3] While the original bill probably does not certainly exclude the beverage in question from every possible character of beverage upon which the statutes of this state visit their prohibitory effect, yet the inquiry presented by this petition of the state cannot be resolved by recourse to rules pertinent to and controlling upon a hearing on demurrer. Ala. Int. Power Co. v. Mt. Vernon, etc., Co., 186 Ala. 622, 643, 644, 65 South. 287. Pretermitting note or consideration of asserted deficiencies in the original bill in the respect indicated, the question raised by the writ of prohibition must be decided by reference to the restricted inquiry, whether a court of equity has jurisdiction to issue injunctive process under the circumstances and to the end disclosed by the original bill. The inquiry is one involving judicial power, and not one of efficient pleading of a litigable right.

[4] The original bill's theory and purpose was to restrain the diligence and activity of the sheriff and his deputies in Jefferson county in respect of the enforcement of the state's penal and related laws expressing the state's authority and power to promote temperance and to suppress the evils of intemperance. The case made by the original bill falls squarely within the principle and doctrine of the following of our decisions: Brown v. Birmingham, etc., 140 Ala. 590, 37 South. 173; Old Dominion Tel. Co. v. Powers, 140 Ala. 220, 37 South. 195, 1 Ann. Cas. 119; Postal Tel. Co. v. Montgomery, 193 Ala. 234, 69 South. 428; Pike Co. Dispensary v. Brundidge, 130 Ala. 193, 30 South. 451—which is that, since the jurisdiction of courts of equity is exclusively civil, they are without power to interpose injunctive interference with the agents and instrumentalities of the state or of a municipality in prosecutions for penal offenses, or in their efforts to enforce the criminal laws. The property right sought to be asserted, and protection of which is claimed, in the original bill, does not exempt the complainant's cause from the doctrine of the decisions cited or bring his cause within the exception, to their rule, recognized in the cases noted in Board of Com'rs of Mobile v. Orr, 181 Ala. 308, 318, 61 South. 920, 45 L. R. A. (N. S.) 575. The fact, if so, that complainant has brought into the state or has in his possession a beverage that, though in fact not prohibited, will subject or has subjected him to arrest and his beverage to seizure, cannot avail to invest the court of equity with jurisdiction in the premises. The issue, whether the beverage is within the prohibitory laws, can be fully determined by the court in which the prosecution and the proceedings on seizure are heard. The state has a manifest interest in and concern for the observance and enforcement of its criminal laws, and in the freedom of its officers to perform their duty in the detection of offenses and offenders against its laws. To restrain the sheriff and his deputies in that regard impinges upon—brings into question —the powers of the state itself. Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535.

[5] The Attorney General is the principal law officer of the state. 4 Cyc. p. 1028. See, also, Gen. Acts 1915, p. 719. The state, with the Attorney General as relator, may invoke the supervisory powers of the Supreme Court (Const. § 140) over inferior jurisdictions, to the end that the judicial agencies of the state may be confined to the exercise of only the authority and powers committed to them.

[6] Where the Supreme Court's supervisory power is invoked to annul the wholly void act of a judicial officer or tribunal, as in this instance, it is not essential that the officer or tribunal should be first moved to

avoid the subject of complaint set forth in the petition for the writ of prohibition.

[7] A wholly void judicial act, resulting from the entire absence of jurisdiction in the premises, will not support an appeal. Singo v. McGhee, 160 Ala. 245, 252, 49 South. 290. Hence it cannot be affirmed that an appeal from the wholly void order of the judges awarding the injunction pendente lite afforded an adequate remedy, in such sort as to preclude the state of Alabama from moving this court to issue the writ of prohibition. To the end that effect may be given to the conclusion of this court that the injunctive process ordered issued and issued was and is wholly void, the cause created by the original bill will be stricken from the docket of the city court of Jefferson county, or from the docket of the court to which it has been transferred, the order made by the judges of the city court on July 14, 1916, is hereby annulled, and the writ of injunction issued in consequence of such order is hereby vacated.

The writ of prohibition is awarded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.