(89 South. 717)

**HARRIS v. BARRETT et al.   (6 Div. 988.)**

(Supreme Court of Alabama.   June 2, 1921.
Rehearing Denied June 28, 1921.)

**1. Appeal and error ⬅781(2)—Case not moot where liability dependent on successful prosecution of appeal.**

An appeal in proceedings to restrain the enforcement of a city ordinance *held* not to present a moot case, liability on the injunction being dependent on the successful prosecution of the appeal.

**2. Injunction ⬅105(1)—When enforcement of criminal law will not be restrained stated.**

Equity will not interfere with the enforcement of criminal law or check the activities of prosecuting officials, when the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant, but in a proper case, and where required to prevent irreparable injury, property right may be asserted and protected.

**3. Injunction ⊸114(2) — Bill insufficient to show injury to property rights of plaintiffs authorizing restraint of criminal prosecution.**

A bill by the president and stockholder of a corporation, engaged in the transfer business, to enjoin criminal prosecutions under an ordinance requiring reports to be made to the chief of police upon moving household goods, on the ground of injury to property rights, *held* insufficient; the threatened injury to property rights being to the property of the corporation and only remotely affecting the property rights of complainant.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by George C. Harris against N. A. Barrett and others, as Commissioners of the City of Birmingham and the Chief of Police, to enjoin the enforcement of a certain ordinance. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The ordinance attacked is as follows:

Be it ordained by the board of commissioners of the city of Birmingham, Ala., as follows:

Section 1. That it be hereby be made the duty of all persons, firms or corporations owning or operating within the city limits of Birmingham, any dray, moving van, furniture car, transfer wagon, express wagon or any vehicle for hire, who shall haul or move or cause to be hauled or moved, household goods, or personal effects other than baggage of any person in the city of Birmingham, Alabama, which person is changing the place of his or her abode, to make a report thereof to the chief of police, which report shall be made within one day thereafter on a blank form which is hereinafter described.

Sec. 2. Be it further ordained that it shall be unlawful for any person, firm or corporation causing the removal of any property herein described, to give the owner or operator of any vehicle employed to haul such property, a fictitious name, or refuse to give the correct name of the owner or party in possession of such property, so as to willfully deceive such operator as to same.

Sec. 3. Be it further ordained that the form or blank to be filled in by the person in section 1 herein shall be as follows: ———— moved from ————; moved to ————. [Signed] ———— (Owner of Vehicle). Date moved ————; date filed with chief of police ————.

Sec. 4. Be it further ordained that it shall be the duty of the chief of police to keep in a well-bound book, open for inspection at the police station, all such certificates or blanks alphabetically indexed, as required by section 3 hereof, provided the entire expense and cost of executing and carrying out the provisions of this section shall be free of cost to the city except the expense of furnishing said book, blank or certificate.

Sec. 5. Be it further ordained that any person, firm or corporation guilty of violating any of the sections of this ordinance shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than five nor more than fifty dollars, or sentenced to work on the streets and public places for not more than thirty days, one or both sentences to be inflicted, in the discretion of the recorder, and every violation shall constitute a separate offense.

Sec. 6. Be it further ordained that this ordinance shall take effect from and after its passage, and due publication thereof, the welfare of the city requiring it.

The ordinance was afterwards amended as to section 4 by striking out the words "all such certificates or blanks, etc," to and including the last word in said section.

The bill alleges that complainant is the president of and the largest stockholder in and general manager of the Harris Transfer & Warehouse Company, which company is and has for many years engaged in the general transfer business and in the warehouse business in the city of Birmingham, and owns large property interest in the same, and is conducting a legitimate transfer business, and, in spite of the fact that said ordinance is void and of no effect, that a prosecution was begun and carried into effect against him in the recorder's court of said city for the alleged violation of said ordinance, and that the commissioner in charge of the police has openly and publicly stated that he would prosecute this concern each and every time the complainant was alleged to have violated said ordinance, although he knew that an appeal was pending from the first prosecution in the criminal court of Jefferson county for the purpose of testing said ordinance and that he thought it would be two or three years before the same was decided. Bill further alleges that the public had no interest in said ordinance, but that it was made for the benefit of a class, the furniture dealers in the city of Birmingham, and that the committee from the furniture dealers were demanding that said ordinance be strictly enforced. It is further alleged that the enforcement of the ordinance will cause and impose on him and his corporation serious financial burdens, in that it would require special clerks employed for that purpose to keep up with and report upon the same, and that during the moving season, which is regulated by the rental season, which generally begins on April 1st and October 1st of each year, it would require the employment of a special clerk to be detailed with each moving wagon or van employed by complainant in his business, which would disturb his business, be burdensome on his resourses, and require larger office facility, all for the use and benefit of the Birmingham furniture dealers that they may keep up with debtors at the expense of this complainant and others similarly situated; therefore the ordinance is unreasonable and void. It is further alleged that it violates the Fourteenth Amendment and the Fifth Amendment of the Con-

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

stitution of the United States and the sixth section of the Constitution of the State of Alabama.

Wood & Pritchard, of Birmingham, and J. J. Mayfield, of Montgomery, for appellant.

The court was in error in sustaining demurrers to the bill. 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575; 196 Ala. 209, 72 South. 41; 189 Ala. 81, 66 South. 657; 152 Ala. 391, 44 South. 663; Dillon on Municipal Corporations, § 580 et seq.; 108 Ala. 238, 18 South. 880; 142 Ala. 552, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; 177 Ala. 248, 59 South. 305; 80 Ala. 581, 2 South. 725, 60 Am. Rep. 130.

Fred G. Moore and Jere C. King, both of Birmingham, for appellees.

The court properly sustained demurrers to the bill. 140 Ala. 590, 37 South. 173; 146 Ala. 680, 40 South. 215; 164 Ala. 633, 51 South. 330; 10 Cyc. 967; 180 Ky. 553, 204 S. W. 294, L. R. A. 1918F, 1128; section 1340, Code 1907; Acts 1915, p. 296; 175 Mich. 375, 141 N. W. 623, 45 L. R. A. (N. S.) 1152; 105 Mich. 670, 64 N. W. 29, 32 L. R. A. 116, 55 Am. St. Rep. 472; 128 Iowa, 108, 102 N. W. 1045, 5 Ann. Cas. 906; 136 Ill. App. 368.

THOMAS, J. The bill was to restrain the city commissioners and chief of police of Birmingham from enforcing an ordinance in regard to moving personal property.

[1] This is not a moot case as is suggested by appellant's counsel, since liability on the injunction is dependent on the successful prosecution of the appeal.

It is insisted that the primary purpose of the bill is that the daily reports required by a void ordinance of those moving certain personal property, as applied to the corporation of which complainant is the president and general manager, in the due operation of its transfer business, impaired complainant's right of property in that it would require large expenditures of money and unnecessary delays to comply with the ordinance which amounted to an unwarranted invasion and destruction of his property rights. Comm. of Mobile v. Orr, 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575; Hill v. Cameron, 194 Ala. 376, 69 South. 636; Ward v. Markstein, 196 Ala. 209, 72 South. 41; Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 81, 66 South. 657; Ex parte State ex rel. Martin, 200 Ala. 15, 75 South. 327; Renfroe v. Collins & Co., 201 Ala. 489, 78 South. 395; City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 South. 117; 5 Pom. Eq. Jur. § 354.

[2] In this jurisdiction we have adhered to the rule that equity will not interfere with the enforcement of criminal law or check the activities of prosecuting officials when the injury inflicted or threatened is merely the vex-

ation of arrest and punishment of complainant—leaving such complainant free to litigate the question of unconstitutionality of the statute or ordinance, construction or application thereof, in the defense at the trial for its violation. Burnett v. Craig, 30 Ala. 135, 68 Am. Dec. 115; Ex parte State ex rel. Martin, supra. See, also, Brown v. Birmingham, 140 Ala. 590, 37 South. 173; Old Dom. Tel. Co. v. Powers, 140 Ala. 220, 37 South. 195, 1 Ann. Cas. 119; Pike Co. Dispensary v. Brundidge, 130 Ala. 193, 30 South. 451; Postal Tel.-Cable Co. v. Montgomery, 193 Ala. 234, 69 South. 428, Ann. Cas. 1918B, 554.

However, in a proper case and where required to prevent irreparable injury, property right may be asserted and protected within the exception to the rule recognized in Mobile v. Orr, 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575, and authorities there collected.

The sufficiency of the instant bill was challenged by the general demurrer, and sustained by the trial court. All amendable defects being treated as made, no reversible error was committed, if it be conceded (without deciding that the ordinance was an excess of the exercise of the police powers of the city) that the ordinance was unconstitutional and void. No such property rights are destroyed or impaired, as shown by the averments of the bill, as to bring it within the exception to the general rule to which we have adverted.

[3] According to the allegations of the bill, appellant is the president, majority stockholder, and active officer or agent of the Harris Transfer & Warehouse Company, a corporation authorized to conduct a transfer business in the city of Birmingham. The prosecutions initiated and threatened, as in the bill averred, were against said Harris for the violation of the ordinance, by virtue of the fact that he was the executive head or agent of the corporation violating the ordinance. That a prosecution may be maintained against an agent of a corporation for the criminal violation of a statute or ordinance was announced in Williams v. Talladega, 164 Ala. 633, 51 South. 330; Bowen v. State, 131 Ala. 39, 31 South. 79; N. C. & St. L. R. R. Co. v. Attalla, 118 Ala. 362, 24 South. 450; Williams v. City of Talladega, 226 U. S. 404, 33 Sup. Ct. 116, 57 L. Ed. 275; City of Carterville v. Gibson, 259 Mo. 499, 168 S. W. 673, L. R. A. 1915A, 106. The complainant Harris seeks the aid of equity to enjoin prosecutions against him on the grounds of vexation of criminal prosecutions and of irreparable injury to property rights, while the averments contained in the bill show that the only injury to property would be that to the rights of the Harris Transfer & Warehouse Company, a corporation conducting a transfer business in said city.

Thus are damages to complainant's property rights averred to be affected or only remotely affected as a stockholder in said corporation, which said right could be protected, if at all, by the corporation. The bill not being on behalf of the corporation to protect its property rights as such, but merely to protect the rights of complainant, contains none of the usual allegations which are necessary when a stockholder sues in behalf of a corporation. It is unnecessary to quote the rules of law not complied with in the bill, and obtaining when a stockholder is authorized to sue in his own name for injuries to the corporation, to wit, when: (1) The matter complained of is a breach of duty on the part of a majority of the directors; (2) the corporation fails or refuses to demand redress; and (3) there is a consequent injury to the shareholder. No such allegations are contained in this bill.

The bill is without equity. The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.