# Bohanan *v.* Thomas.

*Breach of Contract.*

(Decided April 6, 1909.　49 South. 308.)

1. *Contract; Vendor and Purchaser; Construction.*—Where the contract of the sale of land payable in notes providing that the vendor agreed to erect a frame building on the premises before a designated date, such contract required the furnishing by the vendor of the materials for the building.

[Bohanan v. Thomas.]

2. *Parties; Real Party in Interest.*—Under section 2489, Code 1907, an action for the breach of contract to erect a building on the premises sold need not be brought in the name of the real owner of the contract, but may be brought in the name of the original owner though the contract has been assigned.

3. *Assignment; Action on; Pleading.*—The assignment of a contract for the payment of money must be by endorsement to authorize an assignee to sue in his own name under section 876, Code 1896.

4. *Same; Real Parties in Interest.*—Where the contract was for the purchase and sale of real estate and bound the vendor to erect a building on the premises sold, and the purchaser assigned the contract, an action for its breach by the vendor in failing to erect the building must be brought in the name of the purchaser for the use of the assignee.

5. *Same.*—As a defense to an action by the purchaser for the breach by the vendor of a contract to construct a building on the premises, pleas setting up a defense that the purchaser was not at the commencement of the suit the beneficial owner of the demand sued on and that before the commencement of the suit he had assigned his rights to a third person who was the beneficial owner, show that the third person was the beneficial owner at the commencement of the suit and that the suit must be brought in the name of the purchaser for the use of such third person.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumsit by James R. Thomas against D. P. Bohanan. For a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action was for breach of the following contract:

"September 22, 1902. This agreement, between D. P. Bohanan, of the first part, and J. R. Thomas, of the second part, witnesseth: That the said D. P. Bohanan has sold to said Thomas 80 acres of land (here follows the description) for the sum of $648, to be paid in notes. D. P. Bohanan does agree to erect one boxed plank, 16x-24 ft. house, with shed room on back side; said building to be covered with board, and floored with rough lumber; said building to be erected by the 25th day of December 1902, unless other agreement shall be made.

"September 22, 1902. Received of J. R. Thomas $50, in payment of land note."

The follows:

"The plaintiff failed to provide the material necessary to build said house."

. Plea 7: "Plaintiff is not, and was not at the commencement of this suit, the beneficial owner of the demand sued on, which is evidenced by the contract in writing, and defendant makes oath that this plea is true."

Plea 8: "That plaintiff is not now, and was not at the commencement of this suit, the owner of the demand sued on; but that before the suit was commenced he had assigned all his rights in and to the demand sued on to one Hood, and that said Hood was at the commencement of this suit, and is now, the beneficial owner of the demand sued on, and said contract is evidenced by the contract in writing."

Pleas 7 and 8 were duly verified by the affidavit of the defendant.

The demurrers to pleas 7 and 8 are: "(1) Because the contract is not one on which the assignee could maintain a suit. (2) The transfer or assignment would not deprive the plaintiff of his right to sue, and the plaintiff is the only person who can maintain the suit. (3) The plea does not aver that the assignment or transfer was before the commencement of the suit."

STREET & ISBELL, for appellant. The court erred in sustaining demurrer to plea 5.—16 Cyc. 535; 11 A. & E. Ency of Law, 253; 4 A. & E. Ency of Law, 992; All Standard Dictionaries on the word, "erect." The court erred in its ruling on pleas 7 and 8.—Sections 28 and 876, Code 1896; 2 A. & E. Ency of Law, pp. 1016 and 1088; 4 Cyc. pp. 20, 91, and 96; 2 Mayf. Dig. 224.

JOHN A. LUSK, for appellee. The court properly overruled the demurrer to plea 5. In any event, the action

was without injury as the defendant received the benefit of plea 5 and 6.—2 Mayf. Dig. 176. The contract sued on is not governed by sections 28 or 876, Code 1896, but are governed by the principles laid down in *Sneed v. Bell,* 142 Ala. 449. The bond for appeal from the justice court was conditioned as required by section 482, Code 1896.—*Neff v. Edwards,* 81 Ala. 246; *Mount v. Stewart,* 86 Ala. 365.

ANDERSON, J.—We are of opinion that the contract, as set out in the complaint, placed the duty upon the defendant of furnishing the material for the house, and that the demurrer to the fifth plea was properly sustained, as it did not answer the complaint.

The contract, set out in the complaint, was not such a one as required the suit brought in the name of the real owner under the terms of section 28 of the Code of 1896 (section 2489 of the Code of 1907). Nor did pleas 7 and 8 bring the suit within the provision of section 876 of the Code of 1896. Conceding, without deciding, that the contract was such an instrument that an assignment thereof, by indorsement, would authorize the bringing of a suit thereon by the assignee, the pleas do not aver that it was assigned by indorsement, as is required by the statute.—*Snead v. Bell,* 142 Ala. 449, 38 South. 259.

While the contract set out is not such a one as authorizes suit, under the statute, in the name of the beneficial owner, and the pleas do not bring it within the influence of section 876 of the Code of 1896, yet pleas 7 and 8 do aver that Hood became the real owner before the commencement of the suit. This being true, the suit should be in the name of the present plaintiff, but for the use or benefit of Hood. The assignment, if made for a valuable consideration, passed the equitable title to Hood,

vesting in him the exclusive right to the use of the name of the assignor in suing upon the contract. If the contract was assigned, the suit should be in the name of the present plaintiff for the use or benefit of Hood.—*Johnson v. Martin,* 54 Ala. 271, and cases there cited.

In the case of *Wolffe v. Eberlin,* 74 Ala. 99, 49 Am. Rep. 809, a demurrer to a plea almost similar to pleas 7 and 8 in the case at bar was sustained; but a careful consideration of this case discloses that the plea did not aver that the assignment was made before the suit was brought, and the opinion stresses this fact.

Pleas 7 and 8 were not subject to the grounds of demurrer assigned thereto, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.