# Bohanan, *et al. v.* Darden.

## *Breach of Contract.*

(Decided December 19, 1913. Rehearing denied January 13, 1913.
60 South. 955.)

1. *Fixtures; Realty or Personalty.*—A fixture which would otherwise be a part of the realty may, by agreement of the parties be severed and become personalty as between them.

2. *Assignments; Contracts; Alienation of Real Estate.*—Where an owner in an executory contract for the construction of a building on the premises, alienated the premises to a third person, and the evidence was in conflict as to whether he included in the transfer a building contract, or the right to have the building erected, or whether he reserved to himself the rights growing out of the building contract, the question of whether he had assigned the building contract was properly submitted to the jury where the action was by the owner on the building contract.

3. *Contracts; Building Contracts; Breach; Waiver.*—Where an owner as party to an executory contract for the construction of a building within a specified time, insisted on the contractor performing the contract after the expiration of the time, but the contractor totally failed · to perform, the owner could treat the breach as final and sue for the damages sustained.

4. *Charge of Court; Requested in Bulk.*—Where the charges are not requested separately and some are erroneous, the refusal of all is proper.

5. *Trial; Evidence; Jury Question.*—Where the evidence is conflicting as to material issues, such issues should be submitted to the jury for determination.

6. *Same; Argument of Counsel.*—Where a witness was called to prove defendant's bad character, and on cross-examination the defendant brought out the fact that defendant was a trickster and schemer, the counsel for plaintiff could refer to such evidence in his argument, although it would not have been competent for the plaintiff to prove such fact.

7. *Witnesses; Impeachment; Weight of Testimony.*—The fact that a character witness on cross-examination tended to weaken his testimony, does not justify the exclusion of his evidence, the effect being as to the weight to be accorded the evidence.

8. *Evidence; Judicial Knowledge; Records.*—On a second appeal an appellate court will take judicial notice of what is shown by the original record on the prior appeal.

9. *Appeal and Error; Review; Demurrers; Plea.*—Where a plea was not refiled after demurrer thereto had been sustained on appeal, but the cause is reversed and remanded for other reasons, the trial court cannot be put in error for refusing to admit evidence in support of such plea.

[Bohanan, et al. v. Darden.]

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. R. Thomas against D. P. Bohanan and another, for breach of contract, revived in the name of Osceola Darden, as administrator of said Thomas.

Judgment for plaintiff and defendants appeal. Affirmed.

STREET & ISBELL, for appellant. Though evidenced by separate writings the deed and contract must be regarded as parts of each other, and as together forming the entire agreement.—*Drennen v. Satterfield,* 119 Ala. 84; *Forst v. Leonard,* 112 Ala. 296; 2 Mafy. p. 754. Therefore, plaintiff had no right, and defendant was under no duty to build a house elsewhere than on the particular land, and although plaintiff might have sued at once for breach of the contract within the time, he did not do so. Therefore, defendant possessed a correlative right to build it in discharge of his contract.— *Brown v. Guarantee Co.,* 128 U. S. 403; *Phillips v. Seymour,* 91 Ala. 646; 9 Cyc. 607, 608, 635, 637, 641 and 649. Charges 10, 12, 13, 14 and 15 should have been given. There was evidence tending to prove that as a matter of fact Thomas agreed that the right to the house should pass to Hood with the land, and charge 9 should have been given.—*Bohanan v. Thomas,* 159 Ala. 410. The court erred in permitting the argument of counsel, as it was improper to prove the fact that defendant was a trickster and schemer.—*Sweatt v. The State,* 156 Ala. 85; *B'ham Co. v. Hale,* 90 Ala. 11. The court was in error in refusing testimony in support of plea 5.—*Gerald v. Tunstall,* 109 Ala. 567; *L. & N. v. Brinkerhoff,* 119 Ala. 606.

E. O. McCord, and Thomas E. Orr, for appellee. Counsel discuss the errors assigned, but without citation of authority.

PELHAM, J.—This suit was revived in the name of the administrator as the personal representative of the appellee, J. R. Thomas, after judgment in the trial court, and is the second appeal in the case. See *Bohanan v. Thomas,* 159 Ala. 410, 49 South. 308. The present action was brought by appellee's intestate, Thomas, against the appellant, Bohanan, for the breach of a contract by the terms of which Bohanan agreed to erect a frame building by a designated time on a certain 80 acres of land contemporaneously sold by Bohanan to Thomas. The principal contention, as stated by the appellant, arises on the defendant's pleas Nos. 7 and 8, averring that the contract sued upon had been assigned to one Hood before action was brought on it by Thomas. On the former appeal these pleas (7 and 8) were held to be good, as against the demurrers assigned to them, and, on the trial resulting in a judgment from which this appeal is prosecuted, the case was tried on issues made up under these pleas, among others.

It appears from the testimony set out in the bill of exceptions that there was a conflict in the evidence on the issues tendered by these pleas, and the court very properly submitted the question thus in conflict under the evidence to the jury for determination.

It would appear from the argument of counsel for appellant in brief that it is their contention that because the contract required the building to be built upon the land conveyed by Bohanan to Thomas, when Thomas conveyed the land to one Hood before the commencement of the suit, the house, or the right to have it

built, passed as a matter of law as a covenant real with
an alienation of the land by Thomas, and that Hood
became the beneficial owner of the demand sued upon
and the party in whom the legal interest in the con-
tract was vested.

A fixture which would otherwise be a part of the
realty may by agreement of the parties be severed and
become a personal chattel as between the parties.—
*Harris v. Powers,* 57 Ala. 139.

In this case the house had not been built upon the
land. The contract was executory, and the evidence is
in conflict as to whether Thomas included the contract
or the right to have the house built, when he alienated
the land to Hood, or whether he expressly reserved un-
to himself all rights growing out of the contract with
Bohanan, including the right to sue and recover for the
breach of the contract which had occurred some time
prior to the conveyance to Hood. The question, then,
of whether or not Thomas had assigned the contract be-
fore suit was brought and was not the beneficial owner
of the demand sued upon, was purely a question of fact
upon which the evidence was in conflict.

Counsel for appellant also contend that, as Thomas
had treated the contract as a continuing contract and
was insisting upon its being carried out and the house
built on the land in question, up to a short time before
the sale by him to Hood, he cannot recover for a breach
of the contract, but is remanded to an action for specific
performance, or at most could but complete the con-
tract, and that then the right to recover upon a quan-
tum meruit would inure to Hood, the owner of the
land. The statement of the proposition, viewed in con-
nection with the evidence, carries with it its own an-
swer. During the period that an insistence was being
made by Thomas that the contract be complied with,

Bohanan had the right to build the house and discharge his obligation under the terms of the contract. But the evidence is without dispute that up to the time suit was brought for the breach of the contract Bohanan had not made the slightest effort to comply with the contract, and that he did not at any other time make such effort. The evidence was also without conflict that the time for the performance of the conditions of the contract had passed, and that Bohanan had failed to perform the contract without good excuse and without fault upon the part of Thomas. The mere fact that Thomas had insisted upon Bohanan's fulfilling the agreement after the time designated for the performance and up to a short time before he conveyed the land to a third party would not be such a waiver of the breach as would deprive him of his right subsequently, upon continued failure upon the part of Bohanan to perform, or even undertake to perform, the contract, to treat the breach as complete, and sue for the damages resulting from the breach. And this would be true, even though the insistence to perform after the breach be treated as of the nature of, or in fact creating, a new contract continuing in its nature, for the continued failure to perform and the manifestation of the intention not to execute the contract after request made would constitute a breach of such contract and authorize the other party to so treat it and sue and recover damages accruing from the breach. In this case Bohanan, after a total failure to perform, was requested to carry out the contract, and upon his failure to make any effort in that direction Thomas elected, as was his right, to treat the breach as final and complete, and bring suit to recover damages for the breach.

From what we have said it will be seen that the court was not in error in refusing the general charge requested

by the defendant. The written charges refused seem to be correctly refused in each particular. None of them state correct propositions of law as applicable to the facts in this case, except such as are covered by given charges, and, besides, they include the general charge and are not shown to have been requested separately.—*Vernon v. Wedgeworth*, 148 Ala. 490, 42 South. 749.

It would have been incompetent for the plaintiff to prove, as insisted by appellant, that the defendant was "a trickster and a schemer"; but these facts were not proven by the plaintiff, but were brought out by the defendant on the cross-examination of one of the plaintiff's witnesses introduced for the purpose of proving the defendant's bad character, and, being thus brought out in evidence by the defendant, the counsel for plaintiff had a right to refer to such evidence in his argument to the jury. The assignments predicated on argument of counsel show no reversible error, nor do we find such error presented by any of the assignments insisted upon by counsel in brief.

The witness Floyd testified on direct examination that he knew the general character of the defendant for truth and veracity and that it was bad. What he said on cross-examination in answer to the questions propounded to him by the defendant may have had a tendency (as we think it did) to weaken the strength of his testimony, but this went only to the weight of the testimony, and the court was not in error in refusing the motion of the defendant to exclude the evidence entirely.

We have treated at length what counsel concede to be the principal contentions arising upon this appeal, and do not consider a more detailed discussion of the other assignments necessary.

Affirmed.

## ON APPLICATION FOR REHEARING.

The appellant, in his application for rehearing, insists that this case should be reversed because the court refused to admit testimony in support of plea No. 5. It is true that the judgment entry on this appeal shows no rulings on the demurrers to this plea, but we take judicial knowledge of what is shown by the original record when this case was before the Supreme Court on a former appeal (*Bohanan v. Thomas,* 159 Ala. 410, 49 South. 308) and the record on that appeal shows that demurrers to this plea were sustained by an order of the court made on April 19, 1907, and the Supreme Court in reviewing the case sustained this ruling of the trial court. The record in this case shows that these pleas were not refiled after the court below had, as shown by the record on former appeal, sustained demurrers to them.

The conduct of the case shows that the case was tried to its conclusion on the issues joined on other pleas and not on the issue tendered by this immaterial plea, and that the plaintiff protected himself against the injection into the case of the defense not pleaded by objecting to the evidence offered in support of it.—*Gainer v. So. Ry. Co.,* 152 Ala. 186, 44 South. 652.

The trial court cannot be put in error for refusing to admit evidence in support of a plea not refiled after demurrers had been sustained to it by the court on a former trial, and that ruling sustained by the appellate court on a review of the case, and the cause reversed and remanded for another trial for error committed in other matters.—*Ala. City Ry. Co. v. Bates,* 155 Ala. 347, 46 South. 776.

The other propositions contended for in the application are treated in the original opinion, and we are

[Key v. Goodall Brown & Company.]

unwilling, after a consideration of what is said in the application for a rehearing, to depart from the rulings made.

Application overruled.