(130 So. 394)

**KREISMAN v. KITCHEN.**

8 Div. 146.

Supreme Court of Alabama.
Oct. 23, 1930.

O. B. Hill, Jr., and Almon & Almon, all of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

BOULDIN, J.

This is an action at law for damages for the alleged breach of a contract in writing set out in the complaint.

Its recitals and obligations, briefly stated, are these: Defendant, Kreisman, owned a lot in Florence. Plaintiff, Kitchen, desired to purchase and improve it. They agreed upon a price of $400. Kitchen agreed to construct a four-room cottage on the property, whereupon, Kreisman agreed to execute a warranty deed conveying to Kitchen a good title, taking a second mortgage to secure so much of the purchase price as Kitchen was unable to pay. They agreed that, upon completion of the cottage, Kitchen should procure a loan on the property, and pay as large part of the purchase price as possible, giving his note and second mortgage for the balance.

To here state some pertinent facts disclosed by the evidence, Kitchen proceeded to construct the cottage. To obtain materials he made an assignment of the contract in these words: "For value received, this contract is hereby transferred to Richardson Lumber Company."

Bills for labor and material furnished by the assignee and others for the construction of the cottage aggregated $1,723. These bills are all unpaid. When completed Kitchen applied for a loan on the property, found a loan could be had only for $1,250. His claim is he had arrangements with materialmen and laborers to take a third mortgage for any balance due them in excess of such loan, and demanded a deed that he might conclude the loan secured by the first mortgage; that defendant refused and soon thereafter sold the property to a third party for $2,350, of which $350 was paid in cash and balance in long-term installments of $25 per month.

Defendant contends no demand was made for a deed; that plaintiff, admitting he was unable to procure a loan sufficient to clear the claims for labor and material, advised that he could go no further, and turned the whole matter over to Richardson Lumber Company.

There is further evidence that negotiations were had looking to making a deed to Richardson Lumber Company who should act as trustee in handling the property for all concerned; that Mr. Richardson later approved the final sale of the property on condition that the proceeds be turned over, which was never done.

Other laborers and materialmen disclaim any consent to take a third mortgage or assent to this sale to a third person.

Meantime, Kreisman retains the entire proceeds. Judgment went for plaintiff for $1,950.

■■ ·The first count of the complaint alleged in broad terms that plaintiff "complied fully with said contract and demanded of the defendant a deed," etc.

It is insisted on demurrer that the complaint should allege specifically the performance of each obligation imposed on plaintiff by the contract.

The rule is not so exacting. This complaint set out the obligations of the plaintiff by incorporating the contract therein, and cast on plaintiff the burden of proving full performance.

Maybe there was a failure of proof as to this count. If so, the refusal of the general affirmative charge at request of defendant may be justified under count 2, showing plaintiff able, ready, and willing to comply fully, and prevention by the fault of defendant.

■ Defendant filed a special sworn plea averring: "That at the time this suit was brought, plaintiff was not the owner of the contract or had any interest or claim growing out of the contract, the alleged breach of which is made the basis of this cause of action, but that said contract was the property of, and owned by the Richardson Lumber Company and plaintiff had no interest therein."

It appears this plea was stricken as a plea in abatement; but, from the judgment entry and the court's oral charge to the jury, it appears it was treated as a good plea in bar and so submitted to the jury.

There was evidence that Richardson Lumber Company took the assignment as security for its own bill, and that plaintiff had not parted with all interest in the contract.

The affirmative charge was not due on this plea, because of conflicting evidence on the issue thus framed.

We find no occasion, therefore, to define when a suit must be brought in the name of the original party for the use of an assignee, or may proceed in the name of the first party still holding the legal title.

Illustrations are found in our cases of Bohanan v. Thomas, 159 Ala. 410, 49 So. 308, and Long v. Kansas City, Memphis & Birmingham Railroad Co., 170 Ala. 635, 54 So. 62.

We find no error to reverse in other rulings presented in brief. No detailed discussion is deemed essential.

■ We deal with the case as presented by this record, and would not be understood as dealing in any way with the equitable rights, if any, of the materialmen and laborers in this fund, growing out of the joint adventure, so to speak, looking to the improvement and sale of the property, and recognizing these bills as a first charge on the property to be paid from the proceeds of a first mortgage.

The equities of all parties can only be adjudged in a proper forum.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.