189 So. 776

**HAMILTON v. CITY OF BIRMINGHAM.**

**6 Div. 353.**

Court of Appeals of Alabama.

April 4, 1939.

Rehearing Denied June 6, 1939.

·Frank D. Hollifield, of Birmingham, for appellant.

John S. Foster, of Birmingham, for appellee.

**536**

**RICE, Judge.**

There was in force in the City of Birmingham an ordinance, prohibiting "the keeping, storing, use, manufacturing, sale or handling of fire works within the three mile limit constituting the extended (Code 1923, § 1954) police jurisdiction of the City."

Appellant, being engaged in the "retail sale of pyrotechnics or fireworks" in said district, and conceiving the said ordinance to be invalid, filed, with others, a suit on the equity side of the Circuit Court of Jefferson County naming "The City of Birmingham, a municipal corporation, and J. M. Jones, Jr., James W. Morgan, (and) Eugene Conner, as members of the City Commission of said City, and T. A. Riley, as Chief. of Police of the City of Birmingham," as respondents; and seeking a decree "perpetually restraining and enjoining said respondents from in any way interfering with the (said) business of these complainants or seizing any merchandise of these complainants."

In connection with this suit, and pending the final determination thereof, appellant asked that "a temporary injunction restraining and enjoining (respondents), their agents and employees from in any way interfering with the conduct of the business of these complainants in the sale of fireworks and pyrotechnics outside the corporate limits of the City of Birmingham and within the police jurisdiction thereof, and from interfering with complainants, their servants and agents in the conduct of said business, or seizing any merchandise or property of each of these complainants" be issued.

Application for temporary injunction as above was made to the Hon. E. M. Creel, Circuit Judge in and for Jefferson County, on December 13th, 1937; and·was by him, as such Judge, then and there denied—all as shown by the original record filed in the Supreme Court·on the appeal to that court in the above case styled Chappell et al. v. City of Birmingham, 236 Ala. 363, 181 So. 906, the case in which appellant, here, informs us, by his pleadings, he was a party complainant—and to the record on appeal in which, he, by the same method, invites our scrutiny and attention. See Crossland v. First Nat. Bank of Montgomery et al., 233 Ala. 432, 172 So. 255, and Bohanan et al. v. Darden, 7 Ala.App. 220, 60 So. 955 (on rehearing).

This same record on appeal in the Chappell et al. v. City of Birmingham case, supra, reveals to us—as indeed we might · know, even in its absence, its issuance being here interposed as a bar to this prosecution (see Peter Butler, Receiver of the Pacific National Bank of Boston v. Mary J. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 ·L.Ed. 713)— that the temporary injunction above sought of Hon. E. M. Creel, as Circuit Judge, was (after his denial of it) awarded by the Hon. C. R. Bricken, the Presiding Judge of this Court, on December 14th, 1937. And that the said writ, as issued, restrained the defendants (respondents) and each of them, their agents and employees, from "in any way interfering with complainants, their servants and agents in the conduct of their business in the sale of fireworks or pyrotechnics outside the corporate limits of the City of Birmingham and within the police jurisdiction of said city and from seizing any merchandise or property of each of said complainants."

It appears, further, that the above writ of temporary injunction, the prayer for which

was granted by the said Hon. C. R. Bricken, as the Presiding Judge of this Court, but in his individual capacity as such Presiding Judge, on December 14th, 1937, was not actually issued, the prerequisite bond not being filed before that date, until December 22nd, 1937, upon which date it did issue and was duly served on respondents in the bill of complaint.

It is further apparent that the temporary injunction was dissolved by the Circuit Court of Jefferson County, to which it was returnable, on Jan. 18th, 1938. And that an appeal from that decree of dissolution was taken on Jan. 26th, 1938, but without a reinstatement, or effort at reinstatement, of the injunction, in accordance with Code 1923, § 8312.

We omitted to state that it appears that the order for the writ of temporary injunction made by Presiding Judge Bricken, of this Court, on December 14th, 1937, was made in disregard of, and without a compliance with, the terms of Code 1928, § 8312 (1), which are: "No temporary restraining order or temporary injunction shall issue to any municipality of this state, its officers, agents or employees, enjoining or restraining the enforcement of any ordinance of such municipality, whether valid or invalid, or any proceedings thereunder, until a time and place have been set for the hearing of the application for such temporary restraining order or temporary injunction, and notice of such time and place, together with a copy of the bill, has been served upon the mayor or other chief executive officer of such municipality at least twenty-four hours prior to the time set for such hearing."

On January 19th, 1938, after the aforehereinmentioned writ of temporary injunction was dissolved, but before an appeal was taken from the decree of dissolution—although said injunction not being reinstated, we do not see that this latter matters—a warrant of arrest was sworn out by one of appellee's police officers against appellant charging him with a violation of the terms of the ordinance mentioned in the first paragraph of this opinion, the said violation being fixed as of the date of December 24th, 1937, one of the days during which the writ of temporary injunction was in full force and effect, if it ever was, at any time, in full force and effect.

Appellant, duly brought to trial, by pleas in abatement, a motion to quash the complaint, and special pleas in bar, to all of which appellee's demurrers were sustained, raised for decision below (where he was convicted) and raises here, (where he appeals) three questions, which, stated substantially in the language of his counsel, are as follows, to-wit:

1. May the City proceed with the enforcement of a municipal ordinance by arrest and conviction in Recorder's Court (after the dissolution of the injunction worded as hereinabove noted, and in the absence of its reinstatement) notwithstanding the pendency of an appeal from a (the) decree rendered by the Circuit Court in Equity in a bill wherein the constitutionality of said ordinance has been challenged and wherein a temporary injunction had been issued, the act upon which the prosecution is based having been committed during the time the said temporary injunction was unquestionably in force (if it ever was in force), there being no decision of the Supreme Court of Alabama on the validity of said ordinance at the time of the commencement of said prosecution?

2. Is the existence of a temporary injunction restraining the City of Birmingham from enforcing a municipal ordinance a defense to a quasi criminal prosecution on account of alleged violations of said ordinance during the time the temporary injunction was in full force and effect (if it ever was in full force and effect, we interpolate), instituted after the said temporary injunction was dissolved, said injunction having issued in behalf of the defendant in said prosecution in a bill in equity filed by him against the said city challenging the constitutionality of said ordinance?

3. Is said ordinance constitutional?

Appellant concedes, as well he might, that the Supreme Court of our State has resolved the *third* of the above questions against him, since the institution of this prosecution. Chappell et al. v. City of Birmingham, 236 Ala. 363, 181 So. 906.

And this fact renders it less difficult for us to answer the first *two* of said questions.

As for question number *one* it would seem necessary to say no more than that nothing is apparent to *prevent* said City from so proceeding. The fact that an *appeal* had been taken from the order or decree dissolving said injunction rendered it none the less *dissolved*—fully and finally. In the absence, as here, of an order *reinstating* the injunction (Code 1923, § 8312), it was just as tho it had never been issued.

538

Question number *two* is not quite so simple. It will be noted that we have interpolated into appellant's statement of this question the words, *"if it ever was in full force and effect."* We did this for the reason that appellee argues very forcibly that the temporary injunction being issued in disregard or defiance of the terms of Code 1928, § 8312(1) was *void*—and hence in force and effect at no time.

It possibly was. 32 C.J. 306. But we do not feel impelled to decide as to that, here. Enough to say that we think it unfortunate that the provisions of the Code 1928, § 8312(1), referred to, were not complied with.

We choose to answer this question number *two* in the negative because in our opinion that would be the correct answer regardless of *whether* or *not* the temporary injunction was void.

In the first place, the injunction, so worded, did not prohibit prosecutions, such as this. We will not repeat the language (quoted hereinabove) of the injunction; but a reading of it makes manifest, we believe, that this prosecution could be maintained, even if the injunction were yet in force, to say nothing of its permissibility, the injunction being dissolved and nonexistent.

In the opinion in the case of Giglio v. Barrett et al. City Com'rs, 207 Ala. 278, 92 So. 668, 670, we find this, which we deem pertinent to here quote, to-wit: "In this jurisdiction we have adhered to the rule that equity will not interfere with the enforcement of criminal laws under statute or ordinance or check the activities of prosecuting officials when the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant, who is left free to litigate the question of unconstitutionality of such statute or ordinance or its construction or application in defense at the trial or prosecution for its violation. In a proper case, and where required to prevent irreparable injury, property right may be asserted and protected. Harris v. Barrett, supra [206 Ala. 263, 89 So. 717]; Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A.(N.S.) 575."

Here, we observe, the injunction did not purport to enjoin the "arrest and punishment of appellant."

But, aside from what is said above, we are of the opinion and hold that "the pendency of a preliminary injunction which was dissolved is *not* a defense to a prosecution instituted after its dissolution for unlawful acts committed while such preliminary injunction was pending."

The very *definition* of a "preliminary injunction" (as found in 32 Corpus Juris at page 20) would seem to lead inevitably to this conclusion. Said definition is: "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its *sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right*, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full and deliberate investigation of the case is afforded to the party." (Italics ours.)

Here, the ordinance which was attacked was valid in every respect. If it be conceded—which we do not think— that its enforcement by the "arrest and conviction of appellant" in the Recorder's Court *inside* the City limits of the City of Birmingham was prohibited by the injunction while the injunction was pending and undissolved, certainly, it seems to us, said ordinance was not thereby *repealed*. And, once the injunction was out of the way, prosecution could proceed—for acts done at *any time* within the life of the ordinance—provided, only; said prosecution was not barred by the statute of limitations. See State v. Wadhams Oil Co., 149 Wis. 58, 134 N.W. 1121, 40 L.R.A.,N.S., 607; and Ray v. City of Belton et al., Tex.Civ.App., 162 S.W. 1015.

The rulings of the trial court were in accord with what we have said; and the judgment is affirmed.

Affirmed.

SAMFORD, J., concurs in the conclusion.