On August 10, 1987, Health Care Management Group of Camden, Inc. ("HCMG") and Futura Health Care Services, Inc. ("Futura") filed a petition for writ of mandamus with this Court. The purpose of this petition was to ask this Court to restore the management of the J. Paul Jones Hospital to HCMG and Futura following a preliminary injunction issued by Judge J.C. Norton of the Fourth Judicial Circuit of Alabama. Judge Norton's order required HCMG and Futura to vacate the premises and turn the management of the hospital over to the board of directors of the hospital pending disposition of this cause. The petition was filed within the prescribed time for appeal. Therefore, we shall treat HCMG's and Futura's petition for writ of mandamus as an appeal from Judge Norton's order granting a preliminary injunction. Although the facts are somewhat convoluted, a review of them indicates that Judge Norton's order is due to be affirmed in part, reversed in part, and remanded.
 On August 1, 1986, HCMG entered into a lease agreement with the board of J. Paul Jones Hospital ("the Board"), wherein HCMG as lessee took over the management of the J. Paul Jones Hospital. A review of the lease indicates that paragraph 11 therein expressly prohibits the transfer or assignment of the lease without the prior written consent of the Board as lessor. Subsequently, on May 4, 1987, pursuant to a stock purchase agreement, HCMG transferred all of its stock to Futura and Futura took over the management of the hospital. Thereafter, Futura considered converting part of the hospital into a drug and alcohol rehabilitation facility. Upon learning of these plans, the Board filed for a temporary restraining order and preliminary injunction, pursuant to Rule 65, A.R.Civ.P., requesting that management of the hospital be vested in the Board and that Futura be prevented from converting part of the hospital into a substance abuse rehabilitation center. Judge Norton granted the temporary restraining order on July 24, 1987, and on July 27, 1987, denied HCMG and Futura's "Emergency Petition to Dissolve the Temporary Restraining Order." Thereafter, on July 29, Judge Norton held a hearing on the Board's request for a preliminary injunction. Following the hearing, Judge Norton extended the temporary restraining order which resulted in the same relief requested by the preliminary injunction. Therefore, although Judge Norton did not use the words "preliminary injunction," in essence that is the relief which he granted. HCMG and Futura then filed this appeal; Judge Norton's order has been stayed by this Court pending the disposition of this appeal.
HCMG and Futura contend that the hospital board did not follow the procedure set out in Rule 65, A.R.Civ.P., when seeking the temporary restraining order and a preliminary injunction. First, HCMG and Futura argue that they received notice of the hearing on the request for a temporary restraining order approximately 20 minutes *Page 282 
prior to the hearing before Judge Norton; they say this short notice violated the requirements of Rule 65(b), which states as follows:
 A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.
 A review of the record indicates that the attorney for the hospital board signed an affidavit stating that although he did not know the address of the defendants, a copy of the application for temporary restraining order was left at the office of the hospital on the morning of the hearing.
Furthermore, Judge Norton addressed this issue in his order granting the preliminary injunction. In his order, Judge Norton expressly stated that "the verified complaint and the affidavit and the information that was furnished as exhibits fully satisfied the notice aspect, the notice requirements of Rule 65." The complaint for temporary restraining order specifically averred that Futura was transferring, "or ha[d] transferred all of its bank accounts from Camden, Alabama, to the State of Georgia, out of jurisdiction of the State of Alabama and County of Wilcox." Furthermore, the complaint alleged that Futura was in the process of converting the hospital into a drug and alcohol rehabilitation facility. We deem these allegations sufficient to show irreparable injury, as it is obvious that the removal of funds to the State of Georgia would jeopardize the success of the hospital. We also note that the evidence clearly supports a finding that HCMG and Futura had notice of the hearing on the preliminary injunction. Therefore, any further discussion with regard to notice for the hearing on the TRO is moot.
 It is well settled that the purpose of granting a temporary restraining order or preliminary injunction is to maintain the status quo until the merits of the case can be determined. Hamilton v. City of Birmingham, 28 Ala. App. 534, 189 So. 776
(1939). HCMG and Futura contend that the "status quo" at the time of the hearing was as follows:
 (1) Operation of the hospital by HCMG of Camden under the lease agreement of August 1, 1986. . ..
 (2) ratification by the hospital board of the sale and transfer of HCMG of Camden stock as shown by the hospital board's minutes of May 12, 1987 . . . and payment by Futura of back rent due from HCMG of Camden;
 (3) continued operation of the hospital by HCMG of Camden after the sale of said corporation's stock to Futura since May 4, 1987 and July 24, 1987 at 2:00 p.m. . . .
 (4) operation of the hospital by HCMG of Camden under color of law pursuant to the license issued to HCMG of Camden both for the operation of the hospital and for the dispensing of drugs and narcotics to patients.
 Our review indicates that the status quo at the time of the granting of the temporary restraining order does not correspond to the above interpretation of the facts. While we concede that HCMG did maintain the operation of the hospital, the facility was used as a medical facility and HCMG and Futura were contemplating at least a partial change into a rehabilitation facility. In his order of July 29, Judge Norton stated as follows:
 But I will say further, you know, and I clearly from the very inception from statements that were made was under the impression that the thoughts and the fears and the apprehensions about drug treatment and an alcohol facility were rumors and rumors only and without foundation. And I clearly had the impression. But after hearing the evidence, it appears that not only were those rumors well-founded, but that this was an intent and that it was an intent *Page 283 
that these folks intended to carry out. . . .
In reviewing this ruling, we have found no abuse of discretion on the part of Judge Norton in regard to his statement about the intent of Futura and HCMG to transform a portion of the hospital into a drug and alcohol rehabilitation facility and the impact of that decision on the community. Because we find that there was no abuse of discretion, we hold that the granting of the preliminary injunction was appropriate. However, we disagree with a portion of Judge Norton's order. The judge determined that HCMG had no possessory interest in the hospital; such a determination relates to the final merits of the dispute and should not be made until the hearing on the merits, pursuant to Rule 65(a)(2). See Hamilton v. City of Birmingham, 28 Ala. App. 534,538, 189 So. 776 (1939), which states:
 "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full and deliberate investigation of the case is afforded to the party."
 Therefore, while, contrary to Judge Norton's order, we deem the status quo to be HCMG's operation of the hospital, we find no abuse of discretion in that part of Judge Norton's preliminary injunction restraining HCMG and Futura from transferring funds to Georgia; in restraining HCMG and Futura from converting the hospital into a substance abuse rehabilitation facility; and in restraining HCMG and Futura from moving equipment, furnishings, and fixtures from the premises of the J. Paul Jones Hospital.
 Therefore, for the reasons set forth, this case is due to be and is hereby affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.