738 So.2d 322 (1998)
Ex parte Jim WOODWARD.
(In re Mike Hale v. Alabama Electronic Voting Committee et al.).
1980309.
Supreme Court of Alabama.
November 20, 1998.[*]
Algert S. Agricola, Jr., of Wallace, Jordan, Ratliff & Brandt, L.L.C., Montgomery; and Albert L. Jordan, Michael L. Jackson, and Shara L. Gray of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, for petitioner Jim Woodward.
C.C. Torbert, Jr., and Peter S. Fruin of Maynard, Cooper & Gale, P.C., Montgomery; Peck Fox of Steiner, Crum & Baker, Montgomery; Jack Drake of Whatley Drake, Birmingham; and Gregory H. Hawley and Stephen F. Black of Maynard, Cooper & Gale, Birmingham, for respondent Mike Hale.
Bill Pryor, atty. gen.; and John J. Park, Alice Ann Byrne, and Charles E. Grainer, Jr., asst. attys. gen., for respondents Alabama Electronic Voting Committee, Michael F. Bolin, Jim Bennett, George R. Reynolds, Polly Conradi, and Donald Keith.

ORDER
This matter comes before the Court upon a petition, as amended and supplemented, by Jim Woodward, for a writ of mandamus directed to the Montgomery Circuit Court. The petition sought to have this court vacate a temporary restraining order (and now seeks to have it vacate a preliminary injunction) enjoining the defendants George R. Reynolds, Polly Conradi, *323 and Donald Keith, as members of the Jefferson County Canvassing Authority (hereinafter "Canvassing Authority"),[1] from proceeding with a recount of the votes cast in the November 3, 1998, election for the office of sheriff of Jefferson County, and from unsealing or examining the ballots cast in that election, until further order of the Montgomery Circuit Court in the case to which this petition relates, or the filing of an election contest by any person with standing to file an election contest pursuant to statutory authority.
In his petition, as amended and supplemented, Woodward (a candidate in the sheriff's election) alleges that the Canvassing Authority, as authorized by law or regulation, decided to conduct a recount, which was scheduled to begin on Monday, November 16, 1998, and was expected to last three days.
Mike Hale, Woodward's opponent in the sheriff's election, commenced an action against Woodward and the members of the Canvassing Authority and in that action obtained a temporary restraining order, and later a preliminary injunction, enjoining the recount. In proceedings before the trial court, Woodward was dismissed as a party, at the request of Hale, and the trial court denied Woodward's immediately ensuing request to intervene.
Section 307-X-1-.21 of the Alabama Administrative Code, promulgated pursuant to The 1983 Election Reform Act, Ala. Code, § 17-24-1 et seq., and particularly § 17-24-7(b), specifically authorizes the acts Hale sought to have enjoined. Section 17-24-7(a) incorporates, so far as is practicable, provisions of Chapters 8 and 9 of Title 17 dealing with voting procedures. Section 17-24-7(b) authorizes the Alabama Electronic Voting Committee, an entity created by § 17-24-4, to promulgate "other procedures where necessary to achieve and maintain the maximum degree of correctness and impartiality of voting, counting, tabulating, and recording votes, by electronic vote counting systems provided by this chapter."
The merits of Hale's challenge to the validity of § 307-X-1-.21 turn on whether § 17-24-7(b), with its reference to "voting, counting, tabulating, and recording votes," deals sufficiently with a broader subject-matter than the reference to "procedures for voting paper ballots and voting machines as prescribed in Chapters 8 and 9 of Title 17" (see § 17-24-7(a)), so as to displace provisions of Chapter 8 and Chapter 9 that expressly prevent the precontest recount allowed by § 307-X-1-.21. While § 17-24-10 saves provisions of Chapter 9 of Title 17 from repeal, it does so only to the extent that the provisions of Chapter 24 do not conflict. We make no determination at this juncture as to the merits.
We treat that aspect of Woodward's petition, as amended, attacking the preliminary injunction as an appeal of the order granting the preliminary injunction. Ex parte Health Care Management Group of Camden, Inc., 522 So.2d 280 (Ala.1988). We also entertain other matters raised in the petitions, as amended.
We reverse the trial court's order denying leave to intervene. Woodward is a party entitled to intervene under Rule 24, Ala.R.Civ.P.
An application for a preliminary injunction should be granted only upon a showing of irreparable injury. Rule 65, Ala.R.Civ.P.; Seymour v. Buckley, 628 So.2d 554, 557 (Ala.1993). The trial court grounded its finding of an irreparable injury on the conclusion that a precontest recount would deprive Hale of a property right and on the conclusion that the recount *324 would raise questions as to the integrity of the ballots. If the recount confirms Hale's victory, the prospects for a contest are substantially diminishedthus, Hale could be helped rather than hurt by the recount. On the other hand, if an accurate recount goes Woodward's way, then injury to Hale resulting from the disclosure of the fact that an accurate count shows he did not receive enough votes is not legally cognizable as a wrong as to which he has standing to complain. Finally, the risks of danger to the integrity of the ballots that would be raised by a precontest recount appear no greater than those that might attend a recount after contest, and, in any event, § 307-X-1-.21 includes ample provisions for assuring the integrity of the ballots. Permitting the canvass to go forward will not irreparably harm the integrity of the ballots or Hale's legally cognizable interests. We, therefore, reverse the order granting the preliminary injunction.
This Court has nothing before it in reference to that action styled Jim Woodward v. Polly Conradi et al., No. CV-98-6787, pending in the Tenth Judicial Circuit, and no aspect of our ruling today should be construed as affecting that proceeding. Moreover, nothing in this order affects in any way the time fixed by law in which Woodward might file a contest of the election or provides an alternative to the proceedings prescribed by law for contesting the election.
Based on the foregoing, it is ORDERED as follows:
The denial of the petition for leave to intervene, made orally in proceedings before the Montgomery Circuit Court on November 16, 1998, is reversed;
The orders granting the temporary restraining order and the preliminary injunction are reversed; and
All further proceedings are stayed pending an expeditious completion of the recanvassing of the ballots by the Jefferson County Canvassing Authority. At the expiration of the stay, the trial court shall resume proceedings necessary to the entry of a final judgment. Pending resumption of proceedings in the trial court upon expiration of the stay, this Court specifically retains jurisdiction of this cause to render such further or additional relief as may be required.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and LYONS, JJ., concur.
ALMON, SHORES, and KENNEDY, JJ., dissent. (Written dissent attached to this order. Further or modified dissenting opinions to follow.)[**]
KENNEDY, Justice (dissenting).
Because a majority of this Court decides that an order should be released today, I write the following:
The majority's order concludes that the parties to this action will not suffer "irreparable injury" by the breaking of the seals of the electronic voting machines in order to recount the votes cast in the general election and, therefore, the majority sets aside a preliminary injunction entered by the Montgomery Circuit Court that would prohibit the breaking of those seals absent statutory authority. The majority's actions clearly violate Alabama law, and I would hold that the trial court did not err in entering the preliminary injunction.[2]
The majority, in setting aside the injunction, holds that Ala.Code 1975, § 17-24-7(b), authorized the adoption of Alabama *325 Administrative Code § 307-X-1-.21, which allows any person with standing to contest an election to petition the canvassing authority for a recount. Section 17-24-7(b), plainly read, is not a statute that "authorizes" the adoption of administrative regulations allowing for the unlimited breaking of the seals of electronic voting machines. Section 17-24-7(b) is merely a statute that "authorizes" the adoption of administrative regulations to establish procedures for the maintenance or care of electronic voting machines in order to assure that they function properly.
Even assuming the majority's strained interpretation of § 17-24-7(b) is correct, § 307-X-1-.21 cannot function to allow a recanvassing under these circumstances, because it is in direct conflict with § 17-9-31 and § 17-9-35. Section 17-9-31 provides that "It shall be unlawful and constitute a misdemeanor... for any board of canvass, to break the seal of a voting machine for any purpose other than" those reasons expressly set out, none of which involves recanvassing. Section 17-9-35 provides that ballots and records of voting machines shall be preserved until that body that has authority is ordered to open them.
While it is a fundamental rule of statutory interpretation that this Court reads, construes and applies related statutes together, so that the legislature's intention can be gathered from the whole of the enactments, today a majority of this Court abandons this rule in order to reach the result it has fashioned. Because the majority's interpretation of § 17-24-7(b) is erroneous, what is left is an administrative regulation, Alabama Administrative Code § 307-X-1-.21, that conflicts with § 17-9-31 and § 17-9-35. It is well settled that the provisions of a statute will prevail in any case of conflict between the statute and an agency regulation. Ex parte State Dep't of Human Resources, 548 So.2d 176 (Ala.1988). Accordingly, I dissent from the order issued today, and I rely upon § 17-9-31 and § 17-9-35 as authority for my belief that the majority's actions today violate Alabama law.
Moreover, even if we accept the majority's interpretation of § 17-24-7(b), to authorize recanvassing, that statute applies only to votes cast by electronic ballot and not to those votes cast by paper ballot. Therefore, "interested persons" in areas where paper ballots are cast would not be entitled to a recanvass. Clearly, in my opinion, this raises serious constitutional concerns based on the Equal Protection Clause.
Because the majority of this Court has determined that the issuance of its order should be immediate, I reserve the right to expand upon my dissent in the future. In addition, I defer discussion of any apparent irregularities that have occurred in the handling of this appeal.
SHORES, J., concurs.
NOTES
[*] Note from the reporter of decisions: When this order was initially released, it inadvertently carried the incorrect date November 19, 1998.
[1] The Jefferson County Canvassing Authority is composed of the judge of probate, the circuit clerk, and the sheriff of Jefferson County. See Ala.Code 1975, § 17-14-1 et seq. Because Woodward is the current sheriff of Jefferson County, his position on the Authority was filled by Donald Keith, who serves as a captain in the Jefferson County Sheriff's Department.
[**] Note from the reporter of decisions: As of June 12, 1999, Justices Almon, Shores, and Kennedy all had left the Court by retirement, without filing a further dissent or modifying the dissent issued with the November 20, 1998, order.
[2] My writing should not be read to imply that Jim Woodward would not be entitled to file an election contest pursuant to Ala.Code 1975, § 17-15-1 et seq.