ORDER

This matter comes before the Court upon a petition, as amended and supplemented, by Jim Woodward, for a writ of mandamus directed to the Montgomery Circuit Court. The petition sought to have this court vacate a temporary restraining order (and now seeks to have it vacate a preliminary injunction) enjoining the defendants George R. Reynolds, Polly Conra- *323 di, and Donald Keith, as members of the Jefferson County Canvassing Authority (hereinafter “Canvassing Authority”),[1] from proceeding with a recount of the votes cast in the November 3, 1998, election for the office of sheriff of Jefferson County, and from unsealing or examining the ballots cast in that election, until further order of the Montgomery Circuit Court in the case to which this petition relates, or the filing of an election contest by any person with standing to file an election contest pursuant to statutory authority.
In his petition, as amended and supplemented, Woodward (a candidate in the sheriffs election) alleges that the Canvassing Authority, as authorized by law or regulation, decided to conduct a recount, which was scheduled to begin on Monday, November 16, 1998, and was expected to last three days.
Mike Hale, Woodward’s opponent in the sheriffs election, commenced an action against Woodward and the members of the Canvassing Authority and in that action obtained a temporary restraining order, and later a preliminary injunction, enjoining the recount. In proceedings before the trial court, Woodward was dismissed as a party, at the request of Hale, and the trial court denied Woodward’s immediately ensuing request to intervene.
Section 307-X-1-.21 of the Alabama Administrative Code, promulgated pursuant to The 1983 Election Reform Act, Ala. Code, § 17-24-1 et seq., and particularly § 17 — 24—7(b), specifically authorizes the acts Hale sought to have enjoined. Section 17-24-7(a) incorporates, so far as is practicable, provisions of Chapters 8 and 9 of Title 17 dealing with voting procedures. Section 17-24-7(b) authorizes the Alabama Electronic Voting Committee, an entity created by § 17-24-4, to promulgate “other procedures where necessary to achieve and maintain the maximum degree of correctness and impartiality of voting, counting, tabulating, and recording votes, by electronic vote counting systems provided by this chapter.”,
The merits of Hale’s challenge to the validity of § 307-X-1-.21 turn on whether § 17-24-7(b), with its reference to “voting, counting, tabulating, and recording votes,” deals sufficiently with a broader subject-matter than the reference to “procedures for voting paper ballots and voting machines as prescribed in Chapters 8 and 9 of Title 17” (see § 17-24-7(a)), so as to displace provisions of Chapter 8 and Chapter 9 that expressly prevent the precontest recount allowed by § 307-X-1-.21. While § 17-24-10 saves provisions of Chapter 9 of Title 17 frpm repeal, it does so only to the extent that the provisions of Chapter 24 do not conflict. We make no determination at this juncture as to the merits.
We treat that aspect of Woodward’s petition, as amended, attacking the preliminary injunction as an appeal of the order granting the preliminary injunction. Ex parte Health Care Management Group of Camden, Inc., 522 So.2d 280 (Ala.1988). We also entertain other matters raised in the petitions, as amended.
We reverse the trial court’s order denying leave to intervene. Woodward is a party entitled to intervene under Rule 24, Ala.R.Civ.P.
An application for a preliminary injunction should be granted only upon a showing of irreparable injury. Rule 65, Ala.R.Civ.P.; Seymour v. Buckley, 628 So.2d 554, 557 (Ala.1993). The trial court grounded its finding of an irreparable injury on the conclusion that a precontest recount would deprive Hale of a property right and on the conclusion that the re *324 count would raise questions as to the integrity of the ballots. If the recount confirms Hale’s victory, the prospects for a contest are substantially diminished—thus, Hale could be helped rather than hurt by the recount. On the other hand, if an accurate recount goes Woodward’s way, then injury to Hale resulting from the disclosure of the fact that an accurate count shows he did not receive enough votes is not legally cognizable as a wrong as to which he has standing to complain. Finally, the risks of danger to the integrity of the ballots that would be raised by a precontest recount appear no greater than those that might attend a recount after contest, and, in any event, § 307-X-1-.21 includes ample provisions for assuring the integrity of the ballots. Permitting the canvass to go forward will not irreparably harm the integrity of the ballots or Hale’s legally cognizable interests. We, therefore, reverse the order granting the preliminary injunction.
This Court has nothing before it in reference to that action styled Jim Woodward v. Polly Conradi et al., No, CV-98-6787, pending in the Tenth Judicial Circuit, and no aspect of our ruling today should be construed as affecting that proceeding. Moreover, nothing in this order affects in any way the time fixed by law in which Woodward might file a contest of the election or provides an alternative to the proceedings prescribed by law for contesting the election.
Based on the foregoing, it is ORDERED as follows:
The denial of the petition for leave to intervene, made orally in proceedings before the Montgomery Circuit Court on November 16,1998, is reversed;
The- orders granting the temporary restraining order and the preliminary injunction are reversed; and
All further proceedings are stayed pending an expeditious completion of the recan-vassing of the ballots by the Jefferson County Canvassing Authority. At the expiration of the stay, the trial court shall resume proceedings necessary to the entry of a final judgment. Pending resumption of proceedings in the trial court upon expiration of the stay, this Court specifically retains jurisdiction of this cause to render such further or additional relief as may be required.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and LYONS, JJ„ concur.
ALMON, SHORES, and KENNEDY, JJ., dissent. (Written dissent attached to this order. Further or modified dissenting opinions to follow.) 

. The Jefferson County Canvassing Authority is composed of the judge of probate, the circuit clerk, and the sheriff of Jefferson County. See Ala.Code 1975, § 17-14-1 et seq. Because Woodward is the current sheriff of Jefferson County, his position on the Authority was filled by Donald Keith, who serves as a captain in the Jefferson County Sheriffs Department.